UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LUIS GONZALEZ,

                                  Plaintiff,

     -against-

RUG CARE & CLEANING NYC INC., *et al.*,

                                Defendants.

**REPORT AND RECOMMENDATION**

23-CV-60
(Chen, J.)
(Marutollo, M.J.)

------------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Luis Gonzalez brings this action against Defendants Rug Care & Cleaning NYC Inc., Rug Group Factory Inc., Albert Abergel, Gai Sabahi, and Ron "Doe" (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). *See* Dkt. No. 1. Plaintiff also alleges FLSA claims "on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the 'FLSA Collective Plaintiffs')." *Id.* ¶ 23.

Currently pending before this Court, on a referral from the Honorable Pamela K. Chen, United States District Judge, is Defendants' March 14, 2024 motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b). *See* Dkt. No. 36; *see also* March 15, 2024 Referral Order.

For the reasons set forth below, the undersigned respectfully recommends that the district judge grant, in part, Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b).

**I.    Relevant Background**

Plaintiff filed this action on January 8, 2023. *See* Dkt. No. 1. Defendants answered the complaint on March 14, 2023. *See* Dkt. No. 21. On March 23, 2023, this case was referred to

1

mediation. *See* Dkt. No. 23. Although the parties "scheduled a virtual mediation for July 21, 2023," due to scheduling issues, "the mediation did not go forward on that date." Dkt. No. 28.

On December 12, 2023, Plaintiff's counsel moved to withdraw from this action. *See* Dkt. No. 30. Plaintiff's counsel had previously appeared in the case from its inception. *See, e.g.*, Dkt. No. 1. As set forth in a signed declaration attached to Plaintiff's counsel's motion to withdraw, counsel noted that "since late July 2023[,] [counsel's] office has been unable to have substantive discussions with [Plaintiff] about this litigation." Dkt. No. 30-1, at 2. Plaintiff's counsel stated that they "have repeatedly attempted to contact [Plaintiff] during that time, by phone, email, text message, and letter, but [Plaintiff] has been largely unresponsive and has not contacted [counsel's] office since October 2023." *Id.* Additionally, Plaintiff's counsel stated that on "on three (3) separate occasions since September 2023, [Plaintiff] was scheduled to meet with attorneys in [counsel's] office but did not show up for the appointment or contact [the] office to advise [] that he would be unable to attend the meeting." *Id.* Plaintiff's counsel's motion for leave to withdraw was served on Plaintiff's address at 4A Radde Place, Brooklyn, New York 11233 on December 12, 2023. *See* Dkt. No. 30-2.

On December 13, 2023, the Court granted Plaintiff's counsel's motion to withdraw. *See* Dec. 13, 2023 Dkt. Order. In the text order, the Court ordered Plaintiff "to file a letter with the Court, by January 15, 2024, advising if he has retained new counsel and if he wishes to proceed with this case." *See id.* The Court also ordered Plaintiff's former counsel to serve a copy of the order on Plaintiff and to file proof of service by December 14, 2024. *Id.* On December 14, 2023, Plaintiff's former counsel filed an affidavit of service of the Court's December 13, 2023 order, again serving Plaintiff at his 4A Radde Place, Brooklyn, New York 11233 address. *See* Dkt. No. 31.

2

On January 18, 2024, the Court issued a text order stating that "Plaintiff has not complied with the Court's December 13, 2023 Order directing Plaintiff to file, by January 15, 2024, a letter with the Court advising if he has retained new counsel and if he wishes to proceed with this case. Plaintiff is warned that failure to follow the Court's orders will result in sanctions." *See* Jan. 15, 2024 Dkt. Order. The Court scheduled a telephonic status conference for January 25, 2024 at 1:30 p.m. and warned Plaintiff that if he failed "to appear at the conference, the Court will recommend that this case be dismissed for failure to prosecute and for failing to follow Court orders pursuant to Fed. R. Civ. P. 41(b)." *See id.* The Court directed counsel for Defendants to serve a copy of this Order on Plaintiff. *Id.* Defendants filed an affidavit of service on January 19, 2024, again serving Plaintiff at his 4A Radde Place, Brooklyn, New York 11233 address. *See* Dkt. No. 33.

On January 25, 2024, the Court held the aforementioned telephonic status conference, and Plaintiff failed to appear. *See* Jan. 25, 2024 Dkt. Order and Minute Entry. In the January 25, 2024 Order and Minute Entry entered after the conference, the Court provided "Plaintiff one final opportunity to appear in this matter"; "[a]ccordingly, Plaintiff is ordered to show cause, in writing, by February 2, 2024, why the complaint should not be dismissed for lack of prosecution and for failure to follow Court orders pursuant to Fed. R. Civ. P. 41(b)." *Id.* The Court added that "Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed." *Id.* Defendants were ordered to file an affidavit demonstrating service of the Court's January 25, 2024 order on Plaintiff (*id.*); that affidavit was filed on January 26, 2024, again serving Plaintiff at his 4A Radde Place, Brooklyn, New York 11233 address (Dkt. No. 34).

Plaintiff, again, failed to comply with the Court's order. On March 6, 2024, the Court issued the following order:

3

> *Pro se* Plaintiff has yet to appear in this action. Given the current posture, Defendants shall file a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) by March 18, 2024.
>
> The Court, however, notes that the address listed for Plaintiff by his former attorney, namely, "Luis Gonzalez, 4A Radde Place, Brooklyn, New York 11233" (Dkt. No. 31) is different from the address listed for Plaintiff in the "Consent to become a party in a collective action" document (Dkt. No. 25), which, based on the handwritten address is either "Luis Gonzalez, 1859 Park Place, Brooklyn, New York 11233," or alternatively "Luis Gonzalez, 1854 Park Place Brooklyn, New York 11233." The latter addresses were not used by Defendants in their affidavits of service [].
>
> In an abundance of caution, Defendants shall serve, by March 7, 2024, a copy of this Order and the entire docket sheet on Plaintiff at the following addresses: Luis Gonzalez, 4A Radde Place, Brooklyn, New York 11233; Luis Gonzalez, 1859 Park Place, Brooklyn, New York 11233; and Luis Gonzalez, 1854 Park Place Brooklyn, New York 11233. Defendant is also ordered to serve a copy of this order and the entire docket sheet via email to Luis Gonzalez at the email address set forth in Dkt. No. 25, namely: Daddivst39@gmail.com.

*See* Mar. 6, 2024 Dkt. Order.

On March 7, 2024, Defendants served the Court's March 6, 2024 order and the entire docket sheet on the three mailing addresses and the email address listed above. *See* Dkt. No. 35.

On March 14, 2024, Defendants filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b). *See* Dkt. No. 36. As part of its motion, Defendants also moved for attorneys' fees and costs incurred in defending this action. *See* Dkt. No. 36. Defendants served a copy of their motion on Plaintiff at the three mailing addresses and the email address listed above. *See* Dkt. Nos. 36-6, 36-7.

## II. Discussion

### A. Fed. R. Civ. P. 41(b)

"Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff." *Sowell v. New York City Dep't of Homeless Servs.*, No. 23-CV-5346 (LTS), 2024 WL 870952, at *1 (S.D.N.Y.

Feb. 28, 2024) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)); *see Carr v. Canty*, No. 10-CV-3829 (BSJ) (KNF), 2011 WL 1641439, at *1 (S.D.N.Y. Apr. 28, 2011) (recommending dismissal, inter alia, for failure to prosecute and noting that "[a]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"), *report and recommendation adopted*, Dkt. No. 16 (S.D.N.Y. June 18, 2011).

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." *Lewis v. Nationstar Mortg. LLC*, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990), *report and recommendation adopted*, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) (citing *West v. Gilbert*, 361 F.2d 314 (2d Cir.), *cert. denied*, 385 U.S. 919 (1966)).

In considering a Fed. R. Civ. P. 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "[N]one of the five factors is separately dispositive[.]" *LeSane*, 239 F.3d at 210 (2d Cir. 2001).

The Second Circuit "has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter." *Tibes v. Hanseatic Moving Servs., LLC*, No. 21-CV-3293 (RPK) (TAM), 2022 WL 18859024, at *3 (E.D.N.Y. Sept. 26, 2022) (citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam)). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted).

**B.    Dismissal is warranted**

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Since December 2023, and as outlined above, Plaintiff has repeatedly failed to comply with the Court's directives and orders. *See Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."). Plaintiff's apparent unwillingness to follow the Court's orders, and his delay in prosecuting this case overall, favor dismissal. Plaintiff's delays are further buttressed by his former counsel's assertions that Plaintiff had been substantively unresponsive since July 2023. *See* Dkt. No. 30-1.

The second factor poses the question as to whether the plaintiff "received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal citations omitted). Plaintiff has repeatedly been on notice that his failure to appear in the litigation would result in dismissal.

6

The Court even gave Plaintiff "one final opportunity to appear in this matter." *See* Jan. 25, 2024 Dkt. Order.  Plaintiff nevertheless failed to take any action in response to that order or the Court's prior orders.  Moreover, this Court is assured that the Court's orders have been served on the addresses previously associated with Plaintiff in this case, including his email address.  Ultimately, these efforts were to no avail.

The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255.  Here, given Plaintiff's inaccessibility "for months at a time, courts presume prejudice."  *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (collecting cases).  Because Plaintiff's inaccessibility has unnecessarily delayed this case for many months, the Court finds that prejudice is presumed.

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. The delayed conduct by Plaintiff here "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013).  Based on the record of noncompliance and Plaintiff's own former counsel's assertions, there is no indication that Plaintiff wishes to proceed with this litigation.

Finally, the Court finds that a sanction less drastic than dismissal would not suffice. Plaintiff has not shown any interest in litigating this case, nor has he "represent[ed] that [he was] prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024),

7

("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024). Despite the Court giving Plaintiff repeated opportunities to be heard, he has chosen not to prosecute this case.

Thus, this Court respectfully recommends dismissal for failure to prosecute.

### C. Attorneys' fees and costs are not warranted

In their motion to dismiss, Defendants note, in passing, that they are entitled to attorneys' fees and costs. *See* Dkt. No. 36. Defendants, however, provide no support for their request for attorneys' fees and costs even though, in this circuit, "contemporaneous time records are a prerequisite for attorney's fees." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (citation omitted); *see also CIT Bank, N.A. v. Dambra*, No. 14-cv-3951 (SLT) (VMS), 2015 WL 7422348, at *8 (E.D.N.Y. Sept. 25, 2015) (denying in part plaintiff's request for attorney's fees because he ignored "the strict standard" that "has been followed in this Circuit for over thirty years" and failed to keep contemporaneous time records), *report and recommendation adopted*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015); *E. Sav. Bank, FSB v. Evancie,* No. 13-CV-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) ("A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed.").

But even had support been provided, attorneys' fees and costs would be inappropriate in this case. The case styled *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *4 (E.D.N.Y. Aug. 5, 2021), *report and recommendation adopted* 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021), is illustrative. In *Vidales*, the defendants did not "specify the grounds for their request or the amount sought, nor did they provide documentation in support of

8

their request," nor did they "cite authority in which a plaintiff in an action involuntarily dismissed pursuant to Rule 41(b) was required to pay attorney's fees." *Id.* Instead, the Court in *Vidales* noted that it "is aware of at least one case from within the Second Circuit in which a plaintiff's claims were dismissed with prejudice for failure to prosecute and the defendants' fee request was denied." *Id.* (citing *Shasgus v. Janssen, L.P.*, No. 08-CV-180A, 2009 WL 2878542 (W.D.N.Y. Sept. 2, 2009) (finding that dismissal with prejudice alone was a sufficient sanction and that the plaintiff was not required to also pay defendants' attorney's fees in moving to dismiss the action)). The Court in *Vidales* found that the appropriate sanction for the plaintiff's failure to prosecute the action was dismissal with prejudice. *Id.* at *4-5.

Like the plaintiff in *Vidales*, Plaintiff here failed to prosecute this action. Therefore, similar to *Vidales*, the appropriate sanction would be dismissal of the action with prejudice, rather than attorneys' fees or costs.[1]

## III. Conclusion

Accordingly, this Court respectfully recommends that the Court grant, in part, Defendants' motion dismiss pursuant to Fed. R. Civ. P. 41(b).

A copy of this Report and Recommendation is being electronically served on the docket. This Court directs Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff and to file proof of service on ECF by March 19,

---

[1] Moreover, "[i]f Defendants' intention was to move for fees under the FLSA, the application still fails," as "Section 216(b) of Title 29 of the United States Code provides that the court 'shall . . . allow a reasonable attorney's fee to be paid *by the defendant*, and costs of the action' to a prevailing plaintiff." *Vidales*, 2021 WL 3742765, at *4-5 (quoting 29 U.S.C. § 216(b)) (emphasis added); *see Grochowski v. Ajet Constr. Corp.*, No. 97 CIV. 6269 (NRB), 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002) (stating, "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances") (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (internal quotation marks omitted and emphasis added)).

9

2024. Copies shall be served at the following addresses, which are addresses listed for Plaintiff at various places on the docket:

- Luis Gonzalez, 4A Radde Place, Brooklyn, New York 11233
- Luis Gonzalez, 1859 Park Place, Brooklyn, New York 11233
- Luis Gonzalez, 1854 Park Place, Brooklyn, New York 11233

Defendants shall also serve a copy of this Report and Recommendation on Plaintiff via email at the email address set forth in Dkt. No. 25, namely: Daddivst39@gmail.com.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Chen. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    Brooklyn, New York
          March 18, 2024

                                                 */s/ Joseph A. Marutollo*
                                                 JOSEPH A. MARUTOLLO
                                                 United States Magistrate Judge